(No. 2289—

MAUDE CHARLES, ADMINISTRATOR DE BONIS NON, OF THE ESTATE OF JOHN D. CHARLES, Deceased, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed January 10, 1935.*

JOHN J. KRITZER AND ERLE P. FIELD, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Prior to and on the 23rd day of November, A. D. 1933, John D. Charles was engaged in the military service of the State of Illinois, being a member of Battery B and attached to Headquarters Battery and Combat Train, 123rd Field Artillery, and on the last mentioned date was stationed at Taylorville, having been called out for the purpose of quieting disturbances in the mining region in that vicinity.

About seven o'clock P. M. on the evening of November 23, 1933, said John D. Charles was in the barracks getting his pistol preparatory to going out on detail. Just prior to that time Springfield rifles had been issued to another detail at the same place, and the members of said last mentioned detail were still in the barracks and were loading their rifles. A rifle in the hands of one of the members of such detail was accidentally discharged and the bullet therefrom struck Private John D. Charles, passing through both legs. He was given immediate medical and hospital attention, but an infection developed and one of his legs was amputated in an effort to save his life. The effort was unavailing, however, and said John D. Charles died on November 28, 1933 as the direct result of the wounds he received as aforesaid.

Said soldier left him surviving Samuel A. Charles, his father; Maud Charles, his mother; Arthur Charles and James

Charles, his brothers; and Mabel Charles and Lila Charles Parsons, his sisters; all of whom are of legal age.

Samuel A. Charles, father of decedent, was appointed administrator of the estate of said decedent by the County Court of Warren County, and filed his complaint herein for the recovery of damages on account of the death of said decedent.

While the claim was pending in this court, said Samuel A. Charles died and said Maud Charles was duly appointed administratrix de bonis non of the estate of said John C. Charles, deceased, by said County Court of Warren County, and was thereafter substituted as claimant herein.

Thereafter on motion of the claimant, said Maud Charles, individually, and Arthur Charles, James Charles, Mabel Charles and Lila Parsons were made additional claimants.

Section 11 of Article 16 of the Military and Naval Code of this State provides as follows:

"In every case where an officer or enlisted man of the National Guard or Naval Reserve shall be injured, wounded or killed while performing his duty as an officer or enlisted man in pursuance of orders from the Commander-in-Chief, said officer or enlisted man, or his heirs or dependents, shall have a claim against the State for financial help or assistance, and the State Court of Claims shall act on and adjust the same as the merits of each case may demand. Pending action of the Court of Claims, the Commander-in-Chief is authorized to relieve emergency needs upon recommendation of a board of three officers, one of whom shall be an officer of the Medical Department."

A military board of inquiry found that the injuries sustained by the decedent were received by him while in the performance of and in the line of his duty.

The Attorney General suggests that claimant's right to recover must be based either upon the Military and Naval Code, the Injuries Act, or the Workmen's Compensation Act; that if claimant's rights are governed by the Military and Naval Code, she is entitled to an award, but that if claimant's rights are governed either by the Injuries Act or the Workmen's Compensation Act, no award should be allowed under the facts in the record. It seems to us, however, that the provisions of Section 11 of Article 16 are clear and unambiguous, and that the rights of the claimant herein must be governed by such section. Section 11 specifically provides that *in every case* where an enlisted man shall be killed while performing his duties, his heirs or dependents shall have a claim against

the State for financial help and assistance, and that this court shall act on and adjust the same as the merits of each case may demand. Apparently it was the intention of the Legislature that financial help or assistance should be given in every such case and this court was given jurisdiction to act on and adjust each claim as the merits of each case may demand.

The evidence shows that said John D. Charles was 23 years of age at the time of his death, and had been in the military service of the State for a period of four years prior to the accident in question; that when he was not actually engaged in the military service of the State, said John D. Charles, for a period of six or seven years prior to the accident, had been employed by the Monmouth Dairy and Ice Cream Company, in which his father was interested; that he did not work steadily during the winter months, but when he worked he earned $15.00 or $20.00 per week; that he gave most of his earnings to his mother and used the rest himself; that aside from necessary clothing and other incidental expenses, he used this money in contributing to the care of the family; that his mother was saving the money for him in a way, and used part of it at times with his consent.

In some cases which have heretofore come before this court, the provisions of the Workmen's Compensation Act of this State have been taken into consideration in determining the amount of the award. Resort to the provisions of such Act, however, was merely advisory, and there is no provision of law which requires us to be guided by the provisions of the Workmen's Compensation Act in cases arising under the Military and Naval Code, or which prevents us from using any other proper basis in arriving at the amount of the award, which under the evidence meets the demands of the particular case.

The only statutory provision for our guidance is the requirement of Section 11 of Article 16 of the Military and Naval Code to the effect that we shall adjust each case as the merits thereof demand.

Under the evidence in the record, we feel that the claimant, Maud Charles, administratrix de bonis non of the estate of John D. Charles, deceased, should be awarded the sum of $2,500.00.

Award is therefore entered in favor of the claimant, Maud Charles, Administratrix de bonis non of the estate of John D. Charles, deceased, for the sum of Twenty-five Hundred Dollars ($2,500.00).